UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61689

Aziz Abdelaziz,

      Plaintiff,

v.

SKO Brenner American Inc.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

      Plaintiff, Aziz Abdelaziz ("Plaintiff"), by and through undersigned counsel, seeks redress

for the illegal practices of Defendant, SKO Brenner American, Inc. ("Defendant"), to wit, for

Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida

Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff

states the following:

## NATURE OF ACTION

**I.      THE FAIR DEBT COLLECTION PRACTICES ACT**

      1.      The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which

prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15

U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt

collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices

by debt collectors, to insure that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.      Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *See*, <u>McMurray v. ProCollect, Inc.</u>, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban, one of which being:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C §1692f(1); *See*, <u>Townsend v. Quantum3 Group, LLC</u>, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting <u>West v. Costen</u>, 558 F.Supp. 564, 582 (W.D.Va.1983))).

6.      Moreover, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

(2) The false representation of--
      (A) the character, amount, or legal status of any debt; or
      (B) any services rendered or compensation which may be lawfully received
      by any debt collector for the collection of a debt.
                    …
(10) The use of any false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

7.    The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. See Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); See also Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

8.    The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

In collecting consumer debts, no person shall:
                    …
(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72. However, the FCCPA "is different than its federal counterpart because it is not limited to debt collectors," Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n.

1 (Fla. 4th DCA 2002), and consequently, unlike the FDCPA, the creditor is not exempt from FCCPA liability, whether it be direct or vicarious.

9.      As set forth in more detail below, Defendant has violated the aforementioned provisions of the FDCPA and FCCPA, and as a result, Plaintiff seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

12.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

13.     Defendant is a New York corporation, with its principal place of business located in Farmingdale, New York.

14.     On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

15.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debt.

16.     At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

17.    The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

18.    The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

19.    Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

20.    Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

21.    On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

22.    On or about May 23, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as "Exhibit A."

23.    On or about February 8, 2008, Defendant registered and/or obtained licensure from Florida Office of Financial Regulation, whereby Defendant registered as a collection agency; However, Defendant permitted its licensure to expire on January, 1, 2016, whereby Defendant, by and though the Collection Letter, sought to collect the Consumer Debt from Plaintiff without valid registration and/or licensure with Florida Office of Financial Regulation. A copy of Florida Office of Financial Regulation license search results ("Expired Collection License") is attached here to as "Exhibit B," whereby such depicts Defendant's licenses as being expired.

24.    In the Collection Letter, Defendant did not identify a creditor, but rather, stated "Original Client: CHAZ DEAN" *See*, Collection Letter.

## COUNT I.
## <u>VIOLATION OF THE FDCPA</u>

25.     Plaintiff incorporates by reference paragraphs 17-24 of this Complaint as though fully stated herein.

26.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); *See also*. <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

27.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

28.     In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

29.     In light of the preceding, Defendant has violated the FDCPA, to wit:

(a)     Section 1692g(a)(2) by failing to state the name of the creditor, whereby, instead, Defendant identifies "Chaz Dean" as being the "original client." In light of the least sophisticated consumer, Defendant has failed to identify the creditor of the Consumer Debt.

(b)     Section 1692g(a)(3)-(5) by failing to inform Plaintiff of his validation rights, as the Collection Letter represents Defendants initial communication with Plaintiff and no subsequent advisory has occurred, nor does such advisory exist in the confines of the Collection Letter.

(c)     Section 1692f(1) by seeking to collect an amount that was not permitted by law. A condition precedent to possessing and/or maintain the lawful authority to collect consumer debts in Florida is to otherwise comply with the licensure requirements of Fla. Sta. § 559.553(1)-(2). Defendant, however, by and through the Collection Letter, sought to collect a debt which it did not have the legal authority to collect because Defendant had allowed its license to expire. *See*, <u>Expired Collection License</u>.

(d)     Section 1692f by using unfair and unconscionable means to attempt to collect a debt by utilizing false representations and/or deceptive means in an attempt to collect the consumer debt and/or obtain information concerning Plaintiff, in that, Defendant's demand for Plaintiff to pay the debt failed to state the name of the creditor, failed to provide any validation notice as required by law, and otherwise filed to provide the least sophisticated consumer with the requisite information to evaluate and/or act upon the Collection Letter.

30.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fees and court costs.

## COUNT II.
## VIOLATION OF THE FCCPA

31.     Plaintiff incorporates by reference paragraphs 17-30 of this Complaint as though fully stated herein.

32.     In light of the preceding, Defendant violated the FCCPA, to wit:

(a)     Fla. Stat.  § 559.72(9) by attempting to collect a debt Defendant knew to be illegitimate and/or otherwise unlawful. In 2008, defendant took affirmative steps to register for the licensure required by Fla. Stat. § 559.553(1)-(2), and thus, *inter alia*, acknowledged the necessity of such license to collect consumer debts within Florida. *See*, Expired Collection License. Yet, after allowing its licensure to expire, Defendant wrongfully sought to collect the Consumer Debt from Plaintiff, full-well knowing it had not yet satisfied all conditions required to possess such right.

33.     As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## DEMAND FOR JURY TRIAL

34.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendant, awarding Plaintiff the following relief:

(a)      Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)      Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)      An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)      Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)      Any other relief that this Court deems appropriate and just under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

DATED: July 15, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

AND

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:        954-507-9975

*COUNSEL FOR PLAINTIFF*